UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| RAFAEL SALAS, | Case No. 17-cv-00663-JST (TSH) |
| Plaintiff, | |
| v. | **DISCOVERY ORDER** |
| FORKNER, et al., | Re: Dkt. No. 78 |
| Defendants. | |

Defendant Barneburg claims that six years ago a confidential informant told him that Plaintiff Rafael Salas was in possession of a razor blade. ECF No. 25-24, ¶ 7. Defendants argue that disclosure of the informant's identity would jeopardize his safety, as well as the security of the institution. ECF No. 25-1 ¶¶ 4, 5. In the joint discovery letter at ECF No. 78, the parties spar over the potential consequences of revealing that information. But one of Salas's arguments stands out: "Defendants have not shown—or even asserted—that the alleged informant remains in CDCR custody, or that he is housed in the same facility as Plaintiff or any other person who may pose a risk. This issue is particularly salient given that the events occurred nearly six years ago and Plaintiff has since been transferred to another facility." ECF No. 78 at 5.

Six years is a long time. People get out of prison. Those still in prison may be somewhere else. If the informant and those who might harm him are all still in the same place, that seems to present a different situation than, for example, if the informant has been released. There is likely a difference in the level of risk to the informant from disclosure in those two situations. There may also be a difference in the chilling effect that attends deposing somebody who is out of prison about information he provided when he was in, versus deposing a current inmate about information he provided. Without any information about the current situation, the Court finds it

hard to weigh the competing interests at issue with the official information privilege or the informant privilege.

Accordingly, the Court orders Defendants to file a declaration within seven days that describes the potential risks that would exist today from the disclosure of the informant's identity to Salas's counsel subject to a protective order prohibiting them from telling that information to their client. The declaration must state, in addition to any other pertinent facts, whether the informant remains in CDCR custody, and if he does, then whether he is in the same facility as any person who may pose a risk. Obviously, that latter piece of information will have to be stated in conclusory form to avoid providing a way for Salas to figure out who the informant is.

**IT IS SO ORDERED.**

Dated: May 1, 2020

THOMAS S. HIXSON
United States Magistrate Judge